The Law Offices of Douglas Thomas Moore, LLC
Douglas Thomas Moore, #4640
820 Mililani Street, Suite 701
Honolulu, Hawai`i 96813
Telephone: 808-526-0056
Facsimile: 808-526-0057
E-Mail: DTMlawoffice@gmail.com

Attorney for Plaintiffs
CARLA G. AND JOHN E. DEMPSEY, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CARLA G. AND JOHN E. DEMPSEY, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> WILD SIDE SPECIALITY TOURS LLC, and DOES 1 through 10, <br><br> Defendants. | CIVIL NO. _____ <br><br> PLAINTIFFS CARLA G. AND JOHN E. DEMPSEY, JR.'S COMPLAINT FOR PERSONAL INJURIES AND DAMAGES; REQUEST FOR JURY TRIAL |

COME NOW Plaintiffs CARLA G. and JOHN E. DEMPSEY, JR., wife and husband, and for causes of action against Defendant WILD SIDE SPECIALTY TOURS LLC, hereby file their Complaint in which they complain and allege as follows:

## I.     JURISDICTION & VENUE

1. This is a claim for damages for injuries brought by a vessel's passengers, Plaintiffs CARLA G. and JOHN E. DEMPSEY, JR. (hereinafter "Plaintiffs"), against Defendant WILD SIDE SPECIALTY TOURS LLC (hereinafter "Defendant"), the owner and/or operator of the vessel aboard which Plaintiffs were injured.

2. JURISDICTION: This action is based on diversity seeking damages in excess of $75,000.00, exclusive of costs and attorneys' fees, pursuant to 28 U.S.C. §1332. In the event that diversity does not apply, then this case additionally is brought pursuant to admiralty and the general maritime law of the United States of America under the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C § 1333.

3. VENUE: Plaintiffs are informed and believe and thereupon allege that at all relevant times Defendant was and/or is domiciled, located, licensed, and/or doing substantial business within the State of Hawai`i, and were inviting and providing their tourism snorkeling services to Plaintiffs and other passengers. Further, Plaintiff Carla G. Dempsey's initial medical treatment caused by the incident causing her injuries occurred within the State of Hawai`i. Furthermore, the complained of tortious events herein occurred within the City and County of Honolulu, Island of Oahu, State of Hawai'i, including the Waianae Boat Harbor in Waianae, Hawai`i.

## II. PARTIES & RELATIONSHIPS

4. PLAINTIFFS CARLA G. AND JOHN E. DEMPSEY, JR.

At all relevant times, Carla G. and John E. Dempsey, Jr., are married adult residents of and domiciled in the State of Massachusetts in the United States of America.

5. DEFENDANT WILD SIDE SPECIALTY TOURS LLC

Plaintiffs are informed and believe and thereupon allege that at all relevant times Wild Side Specialty Tours LLC, is a limited liability company registered under the laws of and doing business in the State of Hawai`i with DCCA file number 238213 C6, and upon information and belief, was an owner and/or operator of the passenger vessel named Island Spirit.

6. DOE DEFENDANTS

Plaintiffs are informed and believe and thereupon allege that at all relevant times DOE defendants are sued herein under fictitious names for the reason that, despite diligent and good faith efforts to obtain information, their true names and identities are unknown to Plaintiffs, except that they were connected in some manner with the named Defendant and were persons, corporations, divisions, subsidiaries, parent corporations, entities, agents, representatives, associations, affiliates, associates, co-venturers, business entities, employers, employees, servants, vendors, suppliers, manufacturers, sub-contractors and contractors or governmental entities,

agencies, or bodies, responsible in some manner presently unknown to Plaintiffs for the injuries and damages to Plaintiffs, including without limitation, those entities related to Wild Side Specialty Tours LLC, and Plaintiffs ask leave to identify their true names and capacities, activities or responsibilities when the same are ascertained.

7. THE VESSEL ISLAND SPIRIT

Plaintiffs are informed and believe and thereupon allege that at all relevant times, the catamaran Island Spirit (hereinafter "the Vessel") was sailing on navigable waters operating out of Waianae Boat Harbor conducting snorkeling excursions at the time of Plaintiffs' injuries.

III. ALLEGATIONS OF FACT

ACCURAL OF CAUSE:

8. The complained of incident causing injuries to Plaintiffs occurred on or about August 19, 2018 (hereinafter "Subject Date") aboard the Vessel.

9. Plaintiffs are informed and believe and thereupon allege that at all relevant times, the Defendant was the owner, or owned pro hac vice, and operated the Vessel Island Spirit for profit on the Subject Date.

10. At all relevant times, Plaintiffs were vacationing fare-paying passengers aboard the Vessel on a tour of the waters and wildlife in and about the Pacific Ocean surrounding the Island of Oahu. The voyage on the Subject Date began and ended at

4

Waianae Boat Harbor.

## IV.
## FIRST CAUSE OF ACTION FOR NEGLIGENCE

Plaintiffs incorporate herein all the complaining paragraphs and allegations above as if fully set forth here.

11. Plaintiffs are adults competent to sue.

12. On the Subject Date, Plaintiffs boarded the Vessel at Waianae Boat Harbor. Defendant then took Plaintiffs and/or caused them to be taken for a lengthy snorkeling tour along with other passengers.

13. Plaintiffs and the other passengers were provided snorkeling gear including fins.

14. Plaintiffs had no prior experience wearing fins, especially with how to walk while wearing fins.

15. Plaintiffs were not instructed by the Vessel's Captain and crew on how to walk safely while wearing fins.

16. After donning their fins, Plaintiffs walked on the deck of the Vessel to the ladder used to go into the water to snorkel.

17. Plaintiffs were not informed by the Vessel's Captain and crew how to walk safely to the ladder while wearing fins.

18. After snorkeling, Plaintiff Carla G. Dempsey walked on the deck with wet fins on and while navigating her way to her seat, her fins became overlapped and

5

caused her to fall forward twisting her body from forward to backwards while her right ankle stayed trapped in the fin.

19. Plaintiff Carla G. Dempsey's right ankle still stuck in a fin caused her ankle to snap and fracture.

20. Plaintiff Carla G. Dempsey was in shock and then her right ankle subsequently swelled.

21. After returning to shore, Plaintiff Carla G. Dempsey was transported to the hospital where, after examination, it was discovered that her right ankle had three breaks. Soon after returning to the mainland, Plaintiff Carla G. Dempsey underwent ankle surgeries and rehabilitation.

22. Plaintiffs are informed and believe and thereupon allege that at all relevant times herein, Defendants, and each of them, were negligent, and said negligence was a proximate cause of Plaintiffs' injuries.

23. At all material times herein, it was feasible for Defendants to provide to Plaintiffs, and said Defendants owed to Plaintiffs, duties of care to provide, inter alia, a safe place for recreation and safe equipment to engage in recreation. Plaintiffs further allege that at all material times herein that on the occasion in question, Defendant acting through their respective officers, agents, servants, and/or employees, were careless and negligent in the following respects:

    A.    In failing to provide a safe place for recreation;

    B.    In failing to provide safe equipment to engage in recreation;

    C.    In failing to inform and instruct Plaintiffs how to safely wear fins, especially when walking on deck;

    D.    In failing to inform and instruct Plaintiffs on the established safety policies and/or procedures of the vessel including how to use fins;

    E.    In failing to provide enough crewmembers for the task at hand;

    F.    In failing to adequately train, instruct, and supervise the crew; and

    G.    Other acts of negligence proven at time of trial.

24.    On said date, Plaintiff is informed and believes and thereupon alleges that at all material times herein, as a direct and proximate result of the negligent acts of Defendants, and each of them, Plaintiff Carla Dempsey has suffered severe and debilitating permanent injuries to her right ankle, and to other parts of her body. Said occurrence and said injuries or medical conditions occurred as a proximate result, in whole or in part, of the initial acts and/or negligence and/or lack of attention, on the part of some or all named Defendants, and/or their respective agents, servants, or employees, acting in the course and scope of their respective employment and agency.

25.    Defendants and each of them, failed to inform and instruct Plaintiffs on the established safety policies and/or procedures of the vessel including how to use fins, especially when walking on the vessel's deck.

26.    The vessel has written published safety policies and procedures entitled "Wild

Side Specialty Tours Policies and Procedures".

27. Article III, Section 3.03 entitled "Fitting Snorkel Gear", subsection (n) states: "Do guests know how to use fins? <u>Demonstrate</u> (using a fin on your hand if warranted) <u>how to use fins effectively,</u> "paint the wall behind you".

28. Defendants, and each of them, failed to conduct the aforesaid safety and instruction, without excuse, causing Plaintiffs to be ignorant and unsafe in the proper wearing of fins. Defendants caused a dangerous condition without warning to Plaintiffs, thus causing injuries and damages to Plaintiffs.

29. Defendants, and each of them, have committed negligence in itself since there was a violation of their own safety rule, without an excuse, and which is therefore automatically considered to be a breach of their duty of care and Defendants are, therefore, negligent as a matter of law.

30. At all times material hereto, Defendants owned, operated, and/or controlled the vessel Island Spirit. Plaintiffs are informed and believe and thereupon allege that at all material times herein, Defendants, and each of them, owed to Plaintiffs duties of care. Defendants, and each of them, breached said duties of care by failing to provide any and/or all of these particulars, or others as may be disclosed during discovery hereafter. On or about August 19, 2018, Defendants were careless and negligent in breaching the above duties of care in the following particulars:

    A.    The vessel had an incompetent master and/or crew;

B. The vessel has written published safety policies and procedures entitled "Wild Side Specialty Tours Policies and Procedures" which were not followed by master and/or crew; and

C. The master and/or crew failed to ensure the safety of their passengers.

31. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiffs to suffer the herein complained of injuries for which Defendants are liable to Plaintiffs for damages.

V.
SECOND CAUSE OF ACTION FOR LOSS OF CONSORTIUM

32. Plaintiffs incorporate herein all the complaining paragraphs and allegations above as if fully set forth here.

33. As a direct cause of the of the above acts and omissions of Defendants, and each of them, and the injuries sustained by Plaintiff Carla G. Dempsey, as mentioned above, her husband Plaintiff John E. Dempsey, Jr., has suffered the loss of his spouse's fiduciary support, services, society, companionship and consortium, and his comfort, happiness, and society have been impaired and will continue to be impaired in the future.

VI. INJURIES AND DAMAGES

34. Plaintiffs incorporate herein all the complaining paragraphs and allegations above as if fully set forth here.

35. As a direct and proximate result of the occurrence alleged, Plaintiff Carla G.

Dempsey sustained severe and painful injuries to her body and mind, and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause great physical, psychological, and emotional pain and suffering. In connection therewith, Plaintiff Carla G. Dempsey would show that she has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff Carla G. Dempsey is informed, and believes, and alleges, that in all reasonable probability, some or all of her injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff Carla G. Dempsey has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, she has incurred and will incur medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff Carla G. Dempsey would show that she has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount she and Plaintiff John E. Dempsey, Jr., come now and sue.

36.     By reason of the foregoing premises and as a legal result thereof, Plaintiffs have in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendants are jointly and severally liable to Plaintiffs:

    A.     Present physical, psychological, and emotional injury, pain and suffering;

    B.     Physical pain and suffering in the past and in the future;

    C.     Mental anguish in the past and in the future;

  D.  Reasonable and necessary medical expenses in the past and in the future;

  E.  Loss of earning capacity in the past and in the future;

  F.  Physical disfigurement in the past and in the future; and,

  G.  Physical impairment in the past and in the future;

  H.  Life-changing effects on activities of daily living;

  I.  Prolongation and or aggravation of injuries;

  J.  Indebtedness for health care expenses;

  K.  Indebtedness for daily living expenses;

  L.  Prejudgment interest; and,

  M.  Actual costs of suit.

37. All said injuries and damages in an extent, not now precisely known in excess of $75,000.00.

## VII. PRAYER

WHEREFORE, Plaintiffs Carla G. and John E. Dempsey, Jr., pray that Defendant, WILD SIDE SPECIALTY TOURS LLC, appear and answer herein in a form and manner prescribed by law. After trial on the merits of this cause with due consideration for Plaintiffs' injuries and damages set forth hereinabove, Plaintiffs be awarded judgment against Defendants, jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and

further relief, be it general or special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

## REQUEST FOR JURY TRIAL

Plaintiffs, Carla G. and John E. Dempsey, Jr., hereby demand a trial by jury of the above-captioned matter.

DATED:  Honolulu, Hawai`i, August 13, 2021.

/s/Douglas Thomas Moore
Douglas Thomas Moore
The Law Offices of Douglas Thomas Moore, LLC
Attorney for Plaintiffs
CARLA G. and JOHN E. DEMPSEY, JR.,